## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KENDRA K. DESHAZER, ADC #707085;
LASHAUN CHIDESTER, ADC #712129;
and BRIANNA SMITH, ADC #711586                                                  PLAINTIFFS

V.                                      4:15CV00337 SWW/JTR

ARKANSAS DEPARTMENT OF CORRECTION                                  DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiffs Kendra K. Deshazer, LeShaun Chidester, and Brianna Smith have filed a single *pro se* § 1983 Complaint alleging that their constitutional rights were violated at the Hawkins Unit of the Arkansas Department of Correction ("ADC").

*Doc. 1*. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiffs alleged that *unspecified* individuals violated their constitutional rights by allowing a male guard to observe them, through a security camera, while they were being strip searched by female guards.[2] *Doc. 1*.

The Eighth Circuit has recently held that a male prisoner's constitutional rights were not violated when his strip search was observed, through a security camera, by a female guard. *Story v. Foote*, 782 F.3d 968, 972 (8th Cir. 2015) (explaining that there is a "rational connection between sex-neutral visual surveillance of inmates and the goal of prison security" because "staffing adjustments," such as "removing female officers from the master control room during searches," would "interfere with equal employment opportunities for women and require significant expenditures by the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] The Arkansas Department of Correction is the *only* named Defendant. It, however, is well settled that prisons are not proper defendants in § 1983 actions. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dept. of Corrs.,* 353 F.3d 1038, 1041 (8th Cir. 2004).

prison"). Thus, the Constitution did not prohibit a male guard from monitoring security cameras that may have captured Plaintiffs being strip searched by female guards.

Plaintiffs also allege that ADC policies prohibit male guards from viewing strip searches of female prisoners through security cameras. However, Plaintiffs do not have a *constitutional* right to have prison officials comply with internal rules or policies. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Thus, they have failed to plead a viable § 1983 claim for relief.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.  Dismissal constitute a STRIKE, as defined by 28 U.S.C. §1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 6th day of July, 2015.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE